**CUMMINS ENGINE COMPANY, LTD., Plaintiff,**

**v.**

**BAY AREA DIESELS, INC., JAMES LEDOUX,
and LILIAN LEDOUX, Defendants.**

High Court of American Samoa
Trial Division

CA No. 105-01

February 8, 2002

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Jeff Waller

### ORDER DENYING PLAINTIFF'S MOTION
### FOR DEFAULT JUDGMENT

Defendants were served with the Summons and Complaint in this matter on November 27, 2001. Defendants have not answered, appeared, or otherwise defended against this action. On December 21, 2001, Plaintiff moved for default judgment against Defendants, jointly and severally, in the amount of $5,945.33, together with interest, court costs, and attorney's fees.

On January 24, 2002, the motion came on regularly for hearing. Neither Defendants appeared. Plaintiff submitted the motion on the filed papers, noting particularly the affidavit of Robert Paul Wyeth. This Court took the matter under advisement at that time.

## Standard of Review

■ In this jurisdiction, the court must scrutinize the evidence before a default judgment may be entered. *AV Bingo Supplies v. Pac. Rim Enters.*, 5 A.S.R.3d 101, 102 (Trial Div. 2001); *E-C Rental Servs. v. Pedro*, 26 A.S.R.2d 65, 67 (Trial Div. 1994); *Scalise v. Gorniak*, 26 A.S.R.2d 85, 86 (Trial Div. 1994); *see generally Bank of Hawaii v. Ieremia*, 8 A.S.R.2d 177 (Trial Div. 1988). When T.C.R.C.P. Rule 55 was amended in 1986, default judgments without judicial assessment could no longer be issued by the Clerk's office. *AV Bingo Supplies*, 5 A.S.R.3d at 102; T.C.R.C.P. 55. The court must look at "direct evidence, beyond conclusory affidavits . . . , to determine for itself whether the claimed indebtedness has been correctly calculated." *AV Bingo Supplies*, 5 A.S.R.3d at 102; *Ieremia*, 8 A.S.R.2d at 178.

## Discussion

In the matter at hand, Plaintiff relies upon the affidavit of Robert Paul Wyeth, the regional manager of Plaintiff's operation, to establish the amount in controversy. Also on file, Plaintiff has provided a "Settlement Agreement" purporting to establish the amount in controversy. While this agreement ostensibly appears to have been signed by defendant Lilian Ledoux, it was neither executed by the defendant James Ledoux nor by anyone representing defendant Bay Area Diesels, Inc.

■ As above noted, before default judgment may be granted, the evidence on file must satisfy the court that the calculation of the debt in question has been accurate. Direct evidence of the amount of debt, such as invoices, receipts, and the like, must sufficiently establish the amount; a conclusory affidavit is not sufficient. *See id.* Plaintiff's agent's affidavit is not direct evidence and is self-serving. As to the "Settlement Agreement," unless Ms. Ledoux has been granted special authority, and this court has not seen evidence of such, James Ledoux must sign the settlement document for himself and Bay Area Diesels, as its president, for the document to legally define the total debt of all the defendants.

Given the insufficiency of showing beyond a conclusory affidavit and an incompletely authenticated agreement, the authorities point us to the conclusion that the evidence available for ordering a default judgment is insufficient.

Accordingly, the Plaintiff's motion is hereby denied.

It is so ordered.